**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**

| | | |
|---|---|---|
| *In re:* | ) | |
| | ) | |
| GO SOLAR, INC. | ) | Case No. 15-17912 KHT |
| EIN: 46-5693620 | ) | Chapter 7 |
| | ) | |
| *Debtor*. | ) | |

**TRUSTEE'S COMBINED MOTION TO (i) SELL PERSONAL PROPERTY OF THE ESTATE BY PUBLIC AUCTION FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES OR OTHER INTERESTS AND (ii) COMPENSATE AUCTIONEER AND REIMBURSE AUCTIONEER EXPENSES FROM SALE PROCEEDS AND MOTION FOR ORDER SUSPENDING 14-DAY STAY UNDER FED.R.BANKR.P. 6004(h)**

Dennis W. King, Chapter 7 Trustee ("*Trustee*") of the bankruptcy estate of GO Solar, Inc. ("*Debtor*"), by his undersigned counsel, hereby requests authority to: (i) sell certain non-exempt personal property of the bankruptcy estate by public auction free and clear of all liens, claims, encumbrances or other interests pursuant to Bankruptcy Code §§ 363(b) and (f) and Fed.R.Bankr.P. 6004, and (ii) compensate Dickensheet & Associates, Inc. ("*Dickensheet*") and reimburse Dickensheet's expenses from the sales proceeds pursuant to Bankruptcy Code §§ 330 and Fed.R.Bankr.P. 2016. Trustee also requests that the Court suspend the 14-day stay under Fed.R.Bankr.P. 6004(h). In support hereof, Trustee states as follows:

**I. BACKGROUND**

1. Debtor filed a voluntary Chapter 11 bankruptcy on July 15, 2015 (the "*Petition Date*"). Debtor filed a Motion for Voluntary Conversion to Chapter 7 on February 16, 2016. On February 17, 2016, the Court issued an Order Granting the Motion for Voluntary Conversion. Trustee is the duly appointed and acting Chapter 7 trustee of Debtor's bankruptcy estate.

2. Debtor was engaged in the sale and installation of residential and commercial solar panel systems in the greater Denver metropolitan area. Debtor's corporate office was located at 6438 S. Quebec Street, Building 7, Suite 212, Centennial, Colorado and Debtor's warehouse was located at 3070 South Vallejo Street, Englewood, Colorado. On Schedule B of Debtor's Bankruptcy Schedule, Debtor stated that it owned various equipment and furniture with a value of $55,000 (collectively, the "*Furniture and Equipment*").

3. On May 3, 2016, Trustee filed a Motion to Employ Dickensheet & Associates, Inc. as Auctioneer to the Trustee Nunc Pro Tunc to April 5, 2016. An Affidavit of Auctioneer/Liquidator was previously filed with the motion to employ Dickensheet. Because the Furniture and Equipment had to be removed from the leased office and warehouse space, Trustee sought authority to employ Dickensheet to handle and store the Furniture and Equipment pending sale and to conduct any subsequent auction sale. On May 5, 2016, the Court entered an Order approving the employment of Dickensheet to move and store the Furniture and

Equipment. [Docket No. 152]. A list of the Furniture and Equipment removed and stored by Dickensheet is attached hereto as **Exhibit A**.

4. Trustee is informed and believes that on July 9, 2015, seven days prior to the Petition Date, Sean Notaro ("*Notaro*") filed a UCC Financing Statement asserting a secured claim against all of the Debtor's personal property and fixtures, including the Furniture and Equipment, to secure a promissory note issued by Debtor to Notaro. After further review, Trustee asserted that any lien claimed by Notaro in the Furniture and Equipment may be avoided and recovered by the bankruptcy estate as a preferential transfer pursuant to 11 U.S.C. §§ 547, 550 and 551. Accordingly, on March 14, 2017, Trustee filed an adversary proceeding to avoid and recover such lien for the benefit of the bankruptcy estate and Notaro's security interest in the Furniture and Equipment is in bona fide dispute. Notaro failed to file an answer in the adversary proceeding and Trustee is proceeding with obtaining a default judgment in the pending adversary proceeding.

5. In addition to the Furniture and Equipment, Dickensheet has been storing at its warehouse a 2012 Ford F150 pick-up truck VIN 1FTNF1EF9CKD57631 ("*2012 Ford F150*") and a 2015 Chevrolet Colorado pick-up truck VIN #1GCHS1EA7F1177295 ("*2015 Chevy Colorado*" and together with the 2012 Ford F150 the "*Vehicles*"). Prior to the Petition Date, Debtor financed the purchase of four vehicles with Enverto Investment Group, LLC ("*Enverto*"), including the two Vehicles being stored by Dickensheet. At the time the case was converted, Enverto was in possession of the other two vehicles. Trustee investigated Enverto's lien on the Vehicles stored by Dickensheet and asserted that such liens were not timely perfected and were perfected within 90 days of the Petition Date. Therefore, Trustee commenced an adversary proceeding against Enverto to avoid and recover the untimely perfected liens on the Vehicles as preferential transfers pursuant to 11 U.S.C. §§ 547, 550 and 551. Thereafter, Enverto and Trustee entered into a settlement agreement pursuant to which Enverto agreed that its liens on the two Vehicles stored by Dickensheet shall be deemed avoided and the liens preserved for the benefit of the bankruptcy estate pursuant to 11 U.S.C. §§ 547(b) and 551. The settlement agreement with Enverto provided that Trustee released any claim to the other two vehicles in the possession of Enverto. The Court approved the settlement with Enverto on January 19, 2017. [Docket No. 168].

6. The Certificate of Title to the 2015 Chevy Colorado lists Richard F. Jakobi ("*Jakobi*") as a co-owner on this vehicle. Upon information and belief, Jakobi was an officer or employee of Debtor. Trustee disputed Jakobi's ownership interest in the 2015 Chevy Colorado. Trustee asserted that Jakobi was listed on the 2015 Chevy Colorado because he was a guarantor on the financing for this vehicle but Jakobi does not have an equitable interest in 2015 Chevy Colorado. Further, Jakobi filed his own Chapter 7 bankruptcy on January 22, 2016 (Case No. 16-10530), and did not list an interest in the 2015 Chevy Colorado. Jakobi's Chapter 7 bankruptcy case was closed in January of 2017.

7. However, in order to convey clear title to the 2015 Chevy Colorado, Trustee contacted the chapter 7 trustee for the Jakobi bankruptcy estate (the "*Jakobi Trustee*") and thereafter entered into a settlement agreement with the Jakobi Trustee that provides Trustee may engage Dickensheet to sell the 2015 Chevy Colorado at public auction upon such terms and conditions as Trustee in his sole discretion may determine and Trustee agreed to pay to the

Jakobi Trustee, the sum of $4,000.00 from the proceeds of sale of the 2015 Chevy Colorado in full satisfaction of any claims the Jakobi bankruptcy estate may have to such vehicle. A motion to approve the settlement agreement with the Jakobi Trustee is being filed simultaneously with this Motion. The Jakobi Trustee will seek approval of the settlement agreement in the Jakobi chapter 7 proceedings.

## II. MOTION TO SELL FREE AND CLEAR OF ALL LIENS AND INTERESTS

8. Pursuant to 11 U.S.C. §704, Trustee is charged with collecting and reducing the non-exempt personal property of the estate to money. Section 363(b) of the Bankruptcy Code provides that Trustee, after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate. In this Motion, Trustee is seeking to sell the Furniture and Equipment and the Vehicles by public auction to be conducted by Dickensheet pursuant to § 363(b).

9. Pursuant to 11 U.S.C. § 363(f), Trustee may sell property of the estate under §363(b) free and clear of any lien, claim encumbrance or other interest in such property held by entity other than the estate if, among other things, such entity consents or such lien or interest is in bona fide dispute.

10. There are three existing UCC financing statements filed with the Colorado Secretary of State asserting security interests in Debtor's assets. The three UCC financing statements are as follows:

   A. <u>Blue Bridge Financial, LLC ("*Blue Bridge*")</u>: Blue Bridge filed a UCC financing statement on March 9, 2015. Blue Bridge's collateral includes the following vehicles, which are not assets to be sold pursuant to this Motion:

      (1) 2015 S7E1 Transit Connect XL Van (NM0LS7E73F1174781)

      (2) 2015 S7E1 Transit Connect XL Van (NM0LS7E73F1177793)

      (3) 2014 Focus 4 Door Sedan (1FADP3E23EL452528)

   B. <u>Susquehanna Commercial Finance, Inc. ("*SCF*")</u>: SCF filed a UCC financing statement on March 18, 2015. SCF's collateral includes Goods, Software and Equipment financed by SCF through "Purchase Money" or Lease Transactions (collectively "SCF Financed Goods"). Trustee does not intend to sell any of the SCF Financed Goods and will attempt to remove any SCF Financed Goods from the public auction.

   C. <u>Notaro</u>: As discussed above, Notaro filed a UCC financing on July 9, 2015. Trustee filed a complaint to avoid Notaro's security interest as a preferential transfer and such lien is in bona fide dispute.

3

11. Debtor is listed as the sole owner on the Certificate of Title to the 2012 Ford F150 and Enverto is listed as the only lienholder on this vehicle. As discussed above, Enverto's lien on the 2012 Ford F150 has been avoided and preserved for the benefit of the bankruptcy estate.

12. Debtor and Jakobi are listed as co-owners on the Certificate of Title to the 2015 Chevy Colorado and Enverto is listed as the only lienholder. Enverto's lien was avoided and preserved for the benefit of the bankruptcy estate. Trustee and the Jakobi Trustee have entered into a settlement agreement, that if approved would allow Trustee to move forward with a sale of the 2015 Chevy Colorado. Therefore, Trustee requests that the Court authorize Trustee to sell the 2015 Chevy Colorado contingent on the settlement with the Jakobi Trustee being approved in this bankruptcy case and in the Jakobi bankruptcy case.

13. On August 3, 2015, the State of Colorado filed a proof of claim assigned Claim No. 8. The State of Colorado amended its claim on May 12, 2016 and again on May 23, 2016. The State of Colorado claim, as amended, is in the amount of $49,033.00 for unpaid withholding taxes. The State of Colorado asserts statutory liens on all assets and property of the bankruptcy estate to secure the unpaid withholding tax claims. In this Motion, Trustee is requesting that the State of Colorado tax lien attach to the net proceeds of sale (gross proceeds less: (i) auctioneer's commissions and expenses; and (ii) the $4,000 settlement amount to be paid to the Jakobi Trustee from the sale of the 2015 Chevy Colorado). Trustee's counsel contacted counsel for the State of Colorado and believes that the State of Colorado consents to the sale of the Furniture and Equipment and the Vehicles as proposed herein, except that Trustee's counsel has not discussed the settlement with the Jakobi Trustee with counsel for the State of Colorado. Trustee will serve notice of the motion to approve the settlement with the Jakobi Trustee on the State of Colorado.

14. Trustee is unaware of any other liens, claims encumbrances or other interests asserted in the Furniture and Equipment or the Vehicles.

### III. SALE BY PUBLIC AUCTION AND COMPENSATION OF AUCTIONEER

15. Trustee is seeking authority to sell the Furniture and Equipment and the Vehicles by public auction with Dickensheet as the auctioneer to conduct the public auction. Trustee is proposing to sell the Furniture and Equipment and the Vehicles at Dickensheet's next general auction scheduled for **July 15, 2017** at Dickensheet's business location, 1501 W. Wesley Boulevard, Denver, Colorado 80223 ((303) 934-8322) beginning at 11:00 a.m. (inspection the day before the auction from 9:00 am to 5:00 pm and starting at 9 a.m. on July 15th), or at such later available auction date to be determined by Dickensheet and Trustee. Sale of the 2015 Chevy Colorado will be contingent upon approval of the settlement with the Jakobi Trustee and after such approval Trustee intends to include the 2015 Chevy Colorado in Dickensheet's next general auction after such approval.

16. Dickensheet is an experienced auctioneer in the Denver area. Subject to the supervision and further order of this Court, Dickensheet will perform the following services:

    A.    prepare the Furniture and Equipment and the Vehicles for sale;

4

      B.    advertise the Furniture and Equipment and the Vehicles for sale and advertise the date, time and place of the public auction;
      C.    conduct the auction;
      D.    collect and remit all proceeds of sale;
      E.    account for and pay all sales taxes due as a result of such sale; and
      F.    prepare and file a report of sale after the sale showing the name of the purchaser(s) and the sales price of each item sold.

17. Trustee requests authority to pay to Dickensheet a ten percent (10%) commission on the gross proceeds received from a sale of the Vehicles and a fifteen percent (15%) commission on the gross proceeds received from a sale of the Furniture and Equipment. Trustee also requests authority to reimburse Dickensheet from the proceeds of sale for all actual and necessary costs and expenses incurred in the process of moving, storing, preparing, marketing and selling the Furniture and Equipment and the Vehicles.

18. The rates to be charged to the estate by Dickensheet are customary and standard rates charged by auctioneers in the Denver area for assets of the type to be sold.

## IV. MOTION TO SUSPEND 14-DAY STAY

19. To order to insure that Trustee is able to include the Furniture and Equipment and the Vehicles in the July 15th auction, Trustee requests that the Court suspend the 14-day stay under Fed.R.Bankr.P. 6004(h).

## V. CONCLUSION

20. Trustee believes that there are sound business reasons for selling the Furniture and Equipment and the Vehicles by public auction through the efforts of an auctioneer. Trustee is proposing that the Furniture and Equipment and the Vehicles be included in Dickensheet's public auctions that include other similar assets and draws a larger crowd. Dickensheet will use its best efforts to jointly market the Furniture and Equipment and the Vehicles with the other assets reducing marketing costs. Trustee believes that the property will be sold at auction for a price that is fair and reasonable in a good-faith arms-length transaction and such auction is in the best interest of the bankruptcy estate.

**WHEREFORE**, Trustee respectfully requests that the Court enter an Order, a form of which is submitted herewith:

(1) Authorizing Trustee to sell the Furniture and Equipment and the Vehicles by public auction outside the ordinary course of business pursuant to Bankruptcy Code §§ 363(b) and (f) and Fed.R.Bankr.P 6004, free and clear of all liens, claims, encumbrances or other interests with the State of Colorado unpaid tax lien set forth in Claim No. 8 to attach to the net sales proceeds (gross proceeds less: (i) auctioneer's commissions and expenses; and (ii) the $4,000 settlement amount to be paid to the Jakobi Trustee from the sale of the 2015 Chevy Colorado); provided the sale of the 2015 Chevy Colorado is subject upon obtaining the necessary court approvals as described in this Motion;

(2) Authorizing Trustee to employ and retain Dickensheet as auctioneer for the purpose of conducting the public auction of the Furniture and Equipment and the Vehicles in the manner described in the Motion, pursuant to Bankruptcy Code §327 and Federal Rule of Bankruptcy Procedure 2014;

(3) Authorizing Trustee to pay to Dickensheet a ten percent (10%) commission on the gross sales proceeds received from a sale of the Vehicles and a fifteen percent (15%) commission on the gross sales proceeds received from a sale of the Furniture and Equipment and reimburse Dickensheet for its actual and necessary costs and expenses incurred in connection with moving, storing, preparing, marketing and selling the Furniture and Equipment and the Vehicles; and

(4) Granting such other and further relief as the Court deems just and proper.

Dated: June 6, 2017.    Respectfully submitted,

*/s/ Joli A. Lofstedt*
Joli A. Lofstedt, Esq. #21946
Connolly & Lofstedt, P.C.
950 Spruce Street, Suite 1C
Louisville, CO 80027
Telephone: (303) 661-9292
Fax: (303) 661-9555
joli@clpc-law.com

*Counsel to Dennis W. King, Chapter 7 Trustee*

## CERTIFICATE OF SERVICE

The undersigned certifies that on June 6, 2017, I served by pre-paid first class mail copies of the **TRUSTEE'S COMBINED MOTION TO (i) SELL PERSONAL PROPERTY OF THE ESTATE BY PUBLIC AUCTION FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES OR OTHER INTERESTS, AND (ii) COMPENSATE AUCTIONEER AND REIMBURSE AUCTIONEER EXPENSES FROM SALE PROCEEDS AND MOTION FOR ORDER SUSPENDING 14-DAY STAY UNDER FED.R.BANKR.P. 6004(h)** and **PROPOSED ORDER** on all parties against whom relief is sought and those otherwise entitled to service pursuant to the FED. R. BANKR. P. and the Local Bankruptcy Rules at the following addresses:

US Trustee
Byron G. Rogers Federal Building
1961 Stout St.
Ste. 12-200
Denver, CO 80294

Paul Moss
Byron G. Rogers Federal Building
1961 Stout St.
Ste. 12-200
Denver, CO 80294

Dennis W. King
PO Box 460609
Aurora, CO 80046-0609

Lars H. Fuller
1801 California St.
Ste. 4400
Denver, CO 80202

Simon E. Rodriguez
PO Box 36324
Denver, CO 80236

Aaron J. Conrardy
Daniel A. Hepner
1660 Lincoln St.
Ste. 2200
Denver, CO 80264

Kevin S. Neiman
1621 18th St.
Ste. 260
Denver, CO 80202

Jacob Christian Zweig
1000 Ridgeway Loop Rd.
Ste. 200
Memphis, TN 38120

Thomas R. Ripp
4315 Wadsworth Blvd.
Wheat Ridge, CO 80033

Sean James Notaro
2505 Influential Court
Las Vegas, Nevada 89031

Go Solar, Inc.
6438 S. Quebec Street
Building 7 Suite 212
Centennial, CO 80111

J. Brian Fletcher
Andrew D. Johnson
1801 Broadway
Ste. 900
Denver, CO 80202

Mercedes-Benz Financial Services USA LLC
c/o BK Servicing LLC
PO Box 131265
Roseville, MN 55113-0011

Timothy J. Lamb
1401 17th St.
Suite 330
Denver, CO 80202

Jon S. Nicholls
1850 Race St.
Denver, CO 80206

Donald Olivett
Colorado Department of Revenue
1375 Sherman St, Rm 504
Denver CO 80261-0004

Jay H. Ong
303 Colorado Street
Suite 2600
Austin, TX 78701-3924

Benjamin Swartzendruber, Esq.
Assistant County Attorney
Arapahoe County, Colorado
5334 S. Prince St.
Littleton, CO 80120-1136

Brian C. Engelhardt
Susquehanna Commercial Finance, Inc.
2 Country View Road, Suite 300
Malvern, PA 19355

Blue Bridge Financial, LLC
535 Washington Street, Suite 201
Buffalo, NY  14203

Colorado Attorney General Cynthia H. Coffman
Office of the Attorney General
Colorado Department of Law
Ralph L. Carr Judicial Building
1300 Broadway, 10th Floor
Denver, CO 80203

William Devine II, Esq.
Devine Law Firm, PLLC
8905 S. Pecos Road, Suite 23B
Henderson, NV  89074

*/s/ Carol Ciaglo*
Carol Ciaglo, Legal Assistant



1501 West Wesley Ave. Denver, Colorado 80223
303-934-8322 303-934-2852 fax
www.dickensheet.com

GO SOLAR, INC

BANKRUPTCY CASE NUMBER: 15-17912

|   | INVENTORY LIST |
|---|---|
| 1 | CONTEMPORARY STYLE WITH LAMINATE TOP MATCHING DESKS, (1) "L" SHAPED WITH OVERHEAD HUTCH ALONG WITH MATCHING RECEPTION COUNTER |
| 1 | LOT WITH WHITEBOARDS |
| 1 | TWO DRAWER LAMINATE CABINET WITH CLEAR DOORS |
| 1 | POLY COM UNIT |
| 1 | LARGE RECTANGULAR CONFERENCE TABLE WITH BLACK HIGH BACK MESH CONFERENCE CHAIRS |
| 1 | PORTABLE EASEL |
| 1 | LAPTOP COMPUTER (HARDWARE ONLY) WITH CASE |
| 1 | LOT OF HEAVY DUTY RACKING |
| 1 | LOT OF WIRE, RIDGID SHOP VACUUM |
| 1 | BLUE TWO WHEEL DOLLY |
| 2 | BLACK BARREL BACK CHAIRS |
| 1 | LOT WITH BLACK FIVE STAR PNEUMATIC OFFICE CHAIRS |
| 1 | GLASS WITH WOOD TRIM, BLACK FRAME WORKTABLE/DESK |
| 1 | HEWLETT PACKARD ALL IN ONE WITH AUTOMATIC DOCUMENT FEEDER |
| 1 | BROTHER ALL IN ONE WITH AUTOMATIC DOCUMENT FEEDER |
| 13 | AOC, DELL, SAMSUNG, LG WIDE SCREEN FLAT PANEL MONITORS |
| 4 | BLACK MOLDED WITH PATTERNED SEAT SIDE CHAIRS |
| 1 | METAL 2 OR 4 DRAWER LATERAL FILE CABINETS |
| 18 | DELL TOWER CPU'S (HARDWARE ONLY) |
| 1 | LOT OF MISMATCHED BLACK FOLDING CHAIRS |
| 1 | LIFETIME MOLDED 6' FOLDING TABLE |
| 1 | WESTBEND MICROWAVE OVEN, (1) BLACK & DECKER COFFEEMAKER, (1) MR COFFEE BREWER |
| 1 | RIVAL PROGRAMMABLE MICROWAVE OVEN |
| 4 | WHITE MOLDED CHROME FRAME SIDE CHAIRS |
| 2 | BROTHER LASER JET PRINTERS WITH TONER |
| 1 | BLACK FOUR WHEEL WAREHOUSE CART |
| 1 | ORANGE HEAVY DUTY PALLET JACK |
| 2 | RICOH MP C2503 COPIERS |
| 2 | RYOBI CORDLESS DRILLS, HUSKY CASE, DEWALT 100' TAPE MEASURER |
| 3 | SUN EDISON SOLAR PANELS, NEW AND PRE OWNED INVENTORY |
| 3 | DIAMOND PLATE TRUCK MOUNT TOOL BOXES |
| 1 | STANLEY PORTABLE TOOL BOX WITH VARIOUS HAND TOOLS FOR REPAIR AREA |

**Exhibit A**

| | |
|---|---|
| 2 | HUSKY TOOL BELT |
| 1 | 20' CHAIN HOIST |
| 1 | AWP PORTABLE TOOL CARRIER, (2) HUSKY TOOL CARRIERS, (1) DEWALT TOOL CARRIER ALONG WITH (5) EMPTY CARRYING CASES |
| 1 | VARIOUS CABLE |
| 1 | VOLT METER |
| 1 | KOBALT SAW |
| 1 | LOT OF BREAKER BOXES, ELECTRICAL SUPPLIES |
| 1 | FORK LIFT EXTENSIONS |
| 1 | JACKSON WHEELBARROW WITH FLAT TIRES |
| 1 | HAND TOOLS |
| 4 | GLASS WITH METAL FRAME, WOOD TRIM WORK TABLES |
| 2 | WORKSTATIONS GRAY PATTERN TAN TOP, APPROX 6', BLACK METAL PEDESTALS |
| 1 | PULL DOWN PROJECTION SCREEN DALITE B |
| 1 | VIZIO WALL MOUNT FLAT SCREEN TELEVISION |
| 1 | 24" X 48" RECTANGULAR COFFEE TABLE IN MAIN ROOM |
| 1 | SOFA AND MATCHING LOVESEAT WITH BLACK AND DOT UPHOLSTERY |
| 1 | 42" CIRCULAR TABLE |
| 1 | WERNER AND OTHER STEP AND EXTENSION LADDERS |
| | **VEHICLES** |
| 1 | 2015 CHEVROLET COLORADO TRUCK, VIN 1GCHS1EA7F1177295, BLACK IN COLOR, UTILITY RACKS, NO TITLE |
| 1 | 2012 FORD XL TRUCK, VIN 1FTNF1EF9CKD57631, WHITE IN COLOR, REGULAR CAB, UTILITY RACK, TITLE |